FILED
2020 OCT 19 AM 10: 20
MIDDLE DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In Re Rule 45 Subpoena Directed to Non-Party Vicki Tandon | Misc. Action No. ___ <br><br> Related Case: *Sandoz, Inc. et al. v. United Therapeutics Corp. et al.*, No. 3:19-cv-10170-BRM LHG (D.N.J) |

### NON-PARTY VICKI TANDON'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Vicki Tandon ("Ms. Tandon"), by and through the undersigned counsel and pursuant to Local Rule 3.01(a), and submits her Motion to Quash Sandoz, Inc.'s ("Sandoz") Subpoena to Testify at Deposition In a Civil Action Directed to Vicki Tandon (the "Tandon Subpoena") and for Protective Order under Rules 26(c)(1) and 45(d)(3)(A) of the Federal Rules of Civil Procedure and incorporated Memorandum of Law (collectively, the "Motion").

### INTRODUCTION

The Tandon Subpoena is directed to Vicki Tandon, an employee of Accredo Health Group, Inc. ("Accredo") and was served on or about October 2, 2020, at Ms. Tandon's residence in Orlando, Florida. *See* Exhibit 1 attached hereto and incorporated herein. The Tandon Subpoena seeks to have Ms. Tandon produce certain documents and appear at an individual fact deposition on October 23, 2020. Ms. Tandon seeks an Order quashing the Tandon Subpoena because it is improper and imposes an undue burden on her. The subpoena requests exceed the permissible scope of Federal Rule 45 and improperly harass and burden an individual employee. This burden is particularly troubling because Ms. Tandon's employer, Accredo, has already undertaken a



substantial burden and has produced documents and data concerning the very issues on which Sandoz seeks to depose Ms. Tandon.

Accredo entered into a good faith compromise with Sandoz months ago in an attempt to avoid this type of discovery litigation. Accredo upheld its end of the bargain, but Sandoz now insists on additional document production and individual witness depositions, the production of which will cause both Accredo and Ms. Tandon additional time, burden, and expense. Rule 45 requires much more than Sandoz can show. Further, Sandoz's requests for documents from Ms. Tandon are not reasonably limited in scope as to time or subject matter, and thus, a protective order is warranted. In short, Sandoz cannot demonstrate a need to burden individual employees like Ms. Tandon with requests for additional documents and individual testimony when it already has substantial documents and information in its possession. The Tandon Subpoena must be quashed, and a protective order should issue regarding the request for documents.

## BACKGROUND

### A. Accredo is not a party to the underlying lawsuit.

Sandoz is currently a plaintiff engaged in litigation pending in the United States District Court for the District of New Jersey with United Therapeutics Corporation ("UT") and other parties (collectively "Defendants"), where it alleges that Defendants have engaged in anticompetitive conduct with respect to UT's prescription drug product, Remodulin. *See Sandoz, Inc., et al. v. United Therapeutics Corp., et al.*, No. 3:19-cv-10170-BRM-LHG (D.N.J). Accredo is a specialty pharmacy and is not a party to that litigation. As a continued business partner to both Sandoz and Defendants, it does not claim any interest in the suit's outcome.

2

### B. Accredo has worked with Sandoz in good faith to comply with its subpoenas and has already produced documents.

In the past year, Accredo has received two subpoenas directed at its own documents and data from Sandoz alone, and Sandoz has now issued two individual subpoenas on Accredo employees for additional documents and a deposition.[1] *E.g.*, Ex. 1 (Tandon Subpoena). While the subpoenas served by Sandoz were incredibly broad and burdensome, Accredo made a good faith effort to work with Sandoz's counsel to reach a compromise and respond.

In the Fall of 2019, Sandoz subpoenaed Accredo pursuant to Rule 45 seeking documents related to its claims against Defendants. Accredo met and conferred with Sandoz several times, but then Sandoz did not follow up with Accredo and no documents were produced. Sandoz was silent until April of 2020, when Sandoz served an amended subpoena on April 15, 2020 ("Amended Subpoena"), for the production of various documents, including sales data, product distribution agreements, and internal and external communications. *See* Amended Subpoena attached hereto as Exhibit 2. After serving written objections to the Amended Subpoena due to, in part, the overbroad and burdensome nature of the requests, Accredo met and conferred with Sandoz in an effort to compromise on a narrowed scope of reasonable documents. Sandoz was unyielding in its demands, however, so it took several months of negotiation before any compromise could be reached.

Ultimately, at the end of July, Sandoz and Accredo reached an agreement on the scope of a document production. *See* email from Sarah Zimmerman to Sandoz's counsel dated July 28 attached hereto as Exhibit 3. Accredo agreed to evaluate a response to every document request in the Amended Subpoena, narrowing the scope for some of the requests. As part of this agreement,

---

[1] The other subpoena Sandoz issued is on a resident of a different state and is not currently pending in this Court's jurisdiction.

3

Accredo undertook the burden of reviewing a year's worth of emails from four different custodians, leading to the production of over 1,600 documents. *See* production enclosure letters dated August 14, 2020, August 31, 2020, September 4, 2020 and September 8, 2020 attached hereto as Exhibit 4. This production took a considerable amount of time and came with substantial economic cost given the number of custodians and search parameters on which Sandoz insisted.

In early August, after four months of lengthy negotiations between Sandoz and Accredo and an agreement on the scope of Accredo's response to the subpoena, Sandoz requested deposition testimony to accompany the document production. *See* email from Sandoz's counsel to Accredo dated August 10 attached hereto as Exhibit 5. Accredo resisted Sandoz's request but noted that it would consider designating a Rule 30(b)(6) witness. As a non-party, the protections afforded by the structure of a 30(b)(6) deposition given its more focused nature, the advanced notice of topics, and the limitation on witnesses are more appropriate for any potential deposition of Accredo. Sandoz rejected this idea, insisting that it be allowed to obtain personal deposition testimony from two Accredo employees for whom Sandoz already has substantial custodial documents.

On October 2, 2020, Sandoz served two personal subpoenas to testify at deposition, seeking deposition testimony from Cynthia Mazuran and Vicki Tandon (both Accredo employees) and additional documents in the form of text messages from each individual's cellular phone. *See, e.g.*, Ex. 1 (Tandon Subpoena). Accredo timely filed in this Court the instant Motion to Quash the Tandon Subpoena and for Protective Order. Concurrent with this Motion, and pursuant to Rule 45(d)(2)(B), Accredo has served written objections (the "Objections") to the Subpoena to Testify at a Deposition in a Civil Action upon counsel for Sandoz, a copy of which is attached to this Motion as Exhibit 6 and incorporated herein by reference.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure include specific provisions intended to limit the scope of overly broad and unduly burdensome discovery – particularly where, as here, discovery is directed at non-parties like Accredo and Ms. Tandon and/or seeks unduly burdensome discovery. *See* Fed. R. Civ. P. 26, 45; *Davidson v. Gov. Employees Ins. Co.*, No. 8:09–cv–727–T–33MAP, 2010 WL 4342084, at *5 (M.D. Fla. Oct. 26, 2010); *Fadalla v. Life Auto. Prods., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007) ("A non-party may invoke the inherent power of the court to secure protection from discovery which seeks confidential or privileged information or which would cause undue burden on the non-party."). Under Rule 45, this Court is *required* to quash a subpoena if it imposes an undue burden on the subpoenaed party. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1335 (11th Cir. 2020) ("[A] subpoena *must* be quashed if it ... 'subjects a person to undue burden' ....") (emphasis added) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)).

Determining whether a subpoena imposes an undue burden involves "a case-specific balancing test wherein the court must weigh factors" including relevance, the need of the party for the information, the breadth of the request, and the time period covered by the request. *Cytodyne Tech., Inc. v. Biogenic Tech., Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003). Important here, "[t]he **status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry.**" *Jordan*, 947 F.3d at 1337 (emphasis added).

The Tandon Subpoena states that Ms. Tandon's deposition is to take place on October 23, 2020, at 633 E. Colonial Drive, Orlando, Florida, 32803. 633 E. Colonial Drive is located within this judicial district. This place of compliance is within 100 miles of Ms. Tandon's location. Federal Rule of Civil Procedure 45 specifies that motions to quash subpoenas shall be enforced by

5

the court for the district where compliance is required. Fed. R. Civ. P. 45(d)(1). Thus, under Rule 45, this Court has jurisdiction over the instant motion to quash.

## ARGUMENT

Sandoz's attempt to depose Ms. Tandon is unreasonable in light of the already significant burden Accredo has borne as a result of Sandoz's Rule 45 subpoenas directed to Accredo. Because Sandoz cannot show that the information it seeks justifies this burden, the Court must quash the Tandon Subpoena. In addition, Sandoz's request for the production of text messages is unreasonable and the Court should issue a protective order as to the document request.

**I. Sandoz's subpoena for Ms. Tandon's deposition is unreasonable and unduly burdensome under Rule 45 given the discovery undertaken in the underlying matter.**

A. <u>Accredo has already gone above and beyond in responding to Sandoz's subpoena.</u>

When evaluating the burden to a non-party, district courts consider the discovery requests as a whole rather than in isolation. *Pace v. Valmet*, NO. 1:18-CV-1948-MHC, 2019 WL 9828532, at *2 (N.D. Ga. Nov. 27, 2019) (recognizing that non-party "ha[d] already complied with extensive document requests, a prior inspection, and depositions of its employees"); *Reedy v. CITGO Petroleum Corp.*, No. H-10-2971, 2011 WL 13350687, at *6 (S.D. Tex. Dec. 1, 2011) ("Defendant has already obtained over 50,000 documents from JPMorgan and deposed one employee ...."); *Avago Tech. U.S., Inc. v. IPtronics Inc.*, 309 F.R.D. 294, 300 n.3 (E.D. Pa. 2015) (denying motion to compel after party "had more than a fair opportunity to obtain discovery from" non-party).

Here, the total burden Sandoz has placed on non-party Accredo is tremendous. Accredo has already devoted substantial time and resources to providing Sandoz with over a thousand relevant documents including a time consuming and expensive custodial email pull and queried data on a number of topics. Accredo cooperated with Sandoz's requests under the belief that its

6

participation in the discovery process would be short and limited, rather than long and open-ended. But Sandoz continues to go back to the well for more discovery from Accredo.

In addition to its burdens placed on the company, Sandoz now seeks to burden individual employees with additional requests, beyond those originally agreed to in response to Sandoz's requests. Such treatment of a third party is not permitted under Rule 45 which requires that the "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Furthermore, Accredo has been subjected to subpoenas from **both** the plaintiffs and the defendants in the underlying litigation and anticipates that it may receive requests from both sides for witness depositions because it does not appear that the parties have cooperated or conferred with respect to third party discovery. Accredo objects to producing any witnesses for deposition as currently noticed,[2] and moreover, it certainly should not be subjected to the additional burden of *multiple* deposition requests from *multiple* parties for the same or similar witness. Rather, to the extent any deposition occurs, Accredo and its employees should only be subjected to one 30(b)(6) deposition subpoena, and the parties to the litigation can both submit topics.

>   B.  The testimony Sandoz seeks is cumulative and duplicative of the information the parties already have in their possession.

Discovery from a nonparty is unduly burdensome where the information can be obtained from other means. *See Paxton v. Landesk Software, Inc.*, 332 F.R.D. 368, 369 (M.D. Fla. 2019) (quashing defendant's subpoenas to non-parties where requested information could be obtained directly from plaintiff); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring district courts to limit discovery that "can be obtained from some other source that is more convenient, less burdensome,

---

[2] Sandoz has agreed that the deposition will not proceed as currently noticed in light of this Motion, and Ms. Tandon has agreed to cooperate in the provision of new dates for deposition, if necessary after the Court's ruling on this Motion.

7

or less expensive"). District courts in this Circuit routinely limit discovery requests directed to non-parties when the information sought is available from another source, especially when that other source is already in the party's possession or available from a party to the underlying litigation. *See Castleberry v. Camden Cnty*, 331 F.R.D. 559, 564 (S.D. Ga. 2019) ("Defendant had access to [the] relevant information during discovery through means other than a third-party subpoena and could have obtained the information from some other source—namely, from the Plaintiff—and had ample opportunity to do so.") (internal quotation marks omitted) (alteration in original); *Aeritas, LLC v. Delta Airlines, Inc.*, No. 1:13–CV–00346–RWS–WEJ, 2013 WL 454452, at *2 (N.D. Ga. Feb. 7, 2013) (explaining that the court would modify a subpoena where "much of what is sought from non-party [] should be available from one or more of the defendants in the underlying lawsuits").

In *Maxwell v. Health Ctr. of Lake City, Inc.*, for example, this Court granted a motion to quash where a defendant subpoenaed a non-party for information that was "directly available" from the plaintiff. No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *4 (M.D. Fla. June 6, 2006). The Court emphasized that parties should "attempt to work out these discovery issues amongst themselves before taking the more intrusive step of subpoenaing non-parties." *Id.* Thus, where discovery sought is duplicative of the discovery already in the party's possession or obtainable from the parties to the litigation, it is not reasonable to seek them from a third party.

Here, Sandoz seeks to depose two Accredo employees about unspecified topics, which surely include their knowledge about the underlying facts at issue in the litigation. As Sandoz has previously explained to Accredo, Accredo's role in the underlying litigation is important to Sandoz's case to support its argument that UT coerced Accredo into limiting dispensing of certain medical equipment that blocked the arrival of plaintiffs' generic product on the market. The only

8

information specific to Accredo, arguably not obtainable from the other parties, is Accredo's internal documents concerning the agreements at issue which Sandoz expects will support its theory of coercion. Accredo has already produced these documents, including documents directly from Ms. Tandon, and her deposition testimony about those documents is unreasonably duplicative. To the extent Sandoz seeks any additional testimony, such testimony would relate to Accredo's interactions with the parties, *including Defendants and Sandoz itself*. It is unclear what information Ms. Tandon might possibly possess that is not already available to the parties through Accredo's production and the parties' own documents and testimony. Sandoz's request for information that it either already possesses or could easily obtain from other sources is therefore a paradigmatic example of an undue burden and must be quashed.

    C.    <u>Sandoz's request for two individual witness depositions is not reasonable.</u>

Even if Accredo and its employees do possess relevant information that Sandoz cannot otherwise obtain, that does not give Sandoz a license to conduct an unreasonable and unduly burdensome fishing expedition including two non-party depositions *of individual employees*. Rather, the proper course of action would be to quash the individual subpoenas and request that Ms. Tandon's employer, Accredo, designate a 30(b)(6) witness to answer specific questions related to only limited information that is not reasonably available from any other source.

The Southern District of Texas's holding in *Reedy* is instructive. There, a defendant sought to depose three employees of a non-party after it had already received thousands of documents from that non-party. *Reedy v. CITGO Petroleum Corp.*, No. H-10-2971, 2011 WL 13350687, at *2 (S.D. Tex. Dec. 1, 2011). The court held that although the sought-after information was relevant, the request unduly burdened the non-party. *Id.* at *6. The court then modified defendant's request, requiring the defendant to choose between deposing a 30(b)(6) witness or

9

deposing *just one* of the three employees. *Id.* at *6-7. The court also imposed strict limitations on the scope of any deposition. *Id.* at *7.

Accredo is no different from the non-party in *Reedy*. In both instances, the non-parties attempted in good faith to comply with the parties' discovery requests, producing multitudes of documents and data over a large span of time. Likewise, in both instances, the non-parties indicated their preference for designating a 30(b)(6) witness who would answer specific questions aimed at filling the gaps in the parties' discovery to the extent necessary.

Sandoz increases the already substantial burden placed on a non-party by demanding to depose two Accredo employees who will be asked general questions about Accredo's business dealings with the parties. What's more, Sandoz does this while also demanding the production of additional documents. Any further discovery Sandoz obtains from Accredo or its employees, **if any**, should be in the form of a 30(b)(6) deposition and should be tailored to the information that only Accredo can provide. Sandoz has not demonstrated this is necessary, and the Court should thus quash Sandoz's unreasonable individual subpoena directed to Ms. Tandon.

### II.   Sandoz's request for Ms. Tandon's text messages is well beyond the scope of Rule 45 and the Court should grant a Protective Order.

Even if the Court decides not to quash Sandoz's subpoena, it is clear Sandoz's request for copies of Ms. Tandon's text messages is improper.[3] Under Rule 26, this Court may, for good cause, issue an order to protect a person from undue burden or expense. Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 45(e)(1)(D) ("The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.").

---

[3] Sandoz previously sought this evidence from Accredo itself, but Accredo refused on reasonableness grounds. Now, Sandoz is trying to impose the same request on two individual employees, which only exacerbates the request's unreasonableness.

Good cause exists for the issuance of a protective order in this dispute. As written, Sandoz's document requests are overbroad and not reasonably limited in scope as to time or subject matter. The subpoena broadly asks for information that is largely unrelated to the underlying litigation, such as text messages Ms. Tandon exchanged *"with any person"* concerning certain products at issue, *"including but not limited to* … co-workers at Accredo/Express-Scripts and employees of Sandoz, RareGen, Smiths Medical ASD, Inc, and United Therapeutics Corporation," without limitation in scope to the subject matter in this case. Ex. 1 (emphasis added). While Sandoz has agreed to limit its initially overbroad request to a more limited time period, this offered limitation still imposes a burden on the witness.

More importantly, the request does not exclude cumulative or duplicative evidence which is surprising considering Sandoz already has text messages from its own witnesses and the defendants' witnesses. Asking an individual to go through the laborious process of digging up text messages she allegedly exchanged *with the parties themselves* is simply a request that she and Accredo do the parties' work for them. There is no reasonable basis for Ms. Tandon or anyone at Accredo to duplicate text messages already produced. Further, Sandoz has indicated an attempt to utilize the production to "confirm" the party productions made to date, but any attempt to utilize third party discovery to "confirm" a party's production is unreasonable and improper. *See Atlas Indus. Contractors LLC v. In2Gro Tech. LLC*, No. 2:19-cv-2705, 2020 WL 1815718, at *3 (S.D. Ohio Apr. 10, 2020) (refusing to compel non-party to produce documents to verify completeness of party's production). This type of a request epitomizes the type of unreasonable and burdensome approach Sandoz continues to take with respect to its third-party discovery directed to Accredo and now to its employees.

11

## CONCLUSION

The Tandon Subpoena is unreasonable and unduly burdensome considering the production Accredo has already undertaken as a third party in this case. Sandoz has not, and cannot, demonstrate a legitimate need for individual witness depositions in light of the documents and discovery already in Sandoz's possession. It is neither the language of Rule 45 nor its intent to permit parties to engage in burdensome and unjust tactics, and obligations placed on a third party must come to an end. For all of the reasons stated herein, Ms. Tandon respectfully requests that this Court grant her motion and quash Sandoz's subpoena, enter a protective order as to the document request for all text messages, and grant her any costs, fees, or other relief as this Court deems just and proper.

## CERTIFICATION OF CONFERENCE

The undersigned certifies that counsel for the movant has complied with the meet and confer requirement in Federal Rule of Civil Procedure 26(c)(1) and Local Rule 3.01(g) and Sandoz does not consent to the relief requested in this Motion to Quash. The parties, after reasonable effort and in good faith, are unable to resolve the dispute.

Dated: October 16, 2020                             Respectfully Submitted,

/s/ Shari Gerson
Shari Gerson (Bar No. 17035)
Gray Robinson, P.A.
401 East Las Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112
Email: shari.gerson@gray-robinson.com

*Attorney for Vicki Tandon*

## CERTIFICATE OF SERVICE

The undersigned certifies this document was served via e-mail and certified mail on October 16, 2020 on counsel of record on the service list below in Case No. No. 3:19-cv-10170-BRM LHG, U.S. District Court, District of New Jersey.

/s/ Shari Gerson
Shari Gerson (Bar No. 17035)

**SERVICE LIST**

Counsel for Smiths
**FREDERICK LEE WHITMER**
KILPATRICK TOWNSEND & STOCKTON LLP
1114 Avenue of the Americas, 21st Floor
NEW YORK, NY 10036
212.775.8773
Email: fwhitmer@kilpatricktownsend.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Counsel for UT

**ADRIENNE C. ROGOVE**
BLANK ROME, LLP
300 CARNEGIE CENTER, SUITE 220
PRINCETON, NJ 08540
609-750-2648
Fax: 609-897-7287
Email: rogove@blankrome.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**STEPHEN M. ORLOFSKY**
BLANK, ROME LLP
300 CARNEGIE CENTER, SUITE 220
PRINCETON, NJ 08540
609-750-2646
Fax: 609-897-7286
Email: orlofsky@blankrome.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL RAY DARBEE**
BLANK ROME LLP
300 CARNEGIE CENTER
SUITE 220
PRINCETON, NJ 08540
609-750-2649
Email: mdarbee@blankrome.com
*ATTORNEY TO BE NOTICED*

Counsel for Raregen

**KEVIN HARRY MARINO**
MARINO TORTORELLA & BOYLE, PC
437 SOUTHERN BOULEVARD
CHATHAM, NJ 07928-1488
(973) 824-9300
Fax: (973) 824-8425
Email: kmarino@khmarino.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**THOMAS D. PEASE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOHN D. TORTORELLA**
MARINO, TORTORELLA & BOYLE, P.C.
437 SOUTHERN BOULEVARD
CHATHAM, NJ 07928-1488
(973) 824-9300
Fax: (973) 824-8425
Email: jtortorella@khmarino.com
*ATTORNEY TO BE NOTICED*

**JENNY R. KRAMER**
(See above for address)
*ATTORNEY TO BE NOTICED*

Counsel for Sandoz

**THOMAS D. PEASE**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 MADISON AVENUE
NEW YORK, NY 10010
212-849-7223
Email: thomaspease@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JENNY R. KRAMER**
ALSTON & BIRD LLP
90 PARK AVENUE
NEW YORK, NY 10016
212-210-9400
Fax: 212-210-9444
Email: jenny.kramer@alston.com
*ATTORNEY TO BE NOTICED*